UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNARD KELLY,

        Petitioner,                          Case Number 08-13777
                                                          Honorable David M. Lawson
v.

KENNETH T. McKEE,

        Respondent,
_____/

## ORDER GRANTING THE PETITIONER'S MOTION TO HOLD PETITION IN ABEYANCE, AND ADMINISTRATIVELY CLOSING CASE

The petitioner, Bernard Kelly, presently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction for first-degree murder, two counts of assault with intent to commit murder, and possession of a firearm in the commission of a felony. The petitioner has filed a motion to hold the petition in abeyance to allow him to file a post-conviction motion in the state courts to exhaust his third claim for habeas relief. The Court will grant the petitioner's motion, stay the petition, establish conditions under which the petitioner must proceed, and administratively close the case.

I.

The petitioner was convicted following a jury trial in the Wayne County, Michigan circuit court, and sentenced to life in prison on March 3, 2005. The petitioner appealed his conviction and sentence, and the court of appeals affirmed on December 12, 2006. *People v. Kelly,* No. 261936 (Mich. Ct. App. December 12, 2006). The Michigan Supreme Court denied the petitioner's

application for leave to appeal because the court was "not persuaded that the questions presented should be reviewed by this Court." *People v. Kelly*, 478 Mich. 870, 731 N.W.2d 716 (2007) (table).

On August 25, 2008, petitioner filed an application for habeas relief with this Court, in which he seeks relief on ten claims. On September 17, 2008, petitioner filed a motion hold the habeas petition in abeyance so that he can return to the state court to present a new claim in a post-conviction motion for relief from judgment.

II.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted.

*Rust*, 17 F.3d at 160.

The Michigan Court Rules provide a process by which the petitioner may raise his unexhausted claim. The petitioner may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument, and conduct an evidentiary hearing on the petitioner's claim. The petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court, and he may thereafter file a petition for writ of certiorari in the United States Supreme Court. To obtain relief in state court, he will have to show cause for failing to raise his unexhausted claim on direct review and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he would have to make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96 & n.3 (6th Cir. 1995); *Rust*, 17 F.3d at 160. The petitioner's unexhausted claim should be addressed to, and considered by, the state courts in the first instance so the state court will have an opportunity to decide whether he has established "cause" for his failure to present this claim on direct review.

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings, provided there is good cause for the failure to exhaust claims and reasonable time limits are imposed. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). In this case, the Court finds a dismissal of the petition may render subsequent petitions in this court untimely. *See* 28 U.S.C. § 2244(d)(1). Although the petition in this case is deemed filed on August 25, 2008, *see Neal v. Bock*, 137 F. Supp. 2d 879, 882 n.1 (E.D. Mich. 2001) (discussing the "prison

mailbox rule"), the Supreme Court has held that the filing of a federal habeas corpus petition does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). However, the Supreme Court's decision in *Duncan* did not prevent district courts from "retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies," or from "deeming the limitations period tolled for [a habeas] petition as a matter of equity." *Id.* at 182-83 (Stevens, J., concurring). The Sixth Circuit Court of Appeals has advised that it is preferable for a district court to dismiss the unexhausted claims, retain jurisdiction over the exhausted claims, and stay proceedings pending exhaustion where to do otherwise would jeopardize the timeliness of a subsequent petition. *Griffin v. Rogers*, 308 F.3d 647, 652 & n.1 (6th Cir. 2002); *see also Palmer v. Carlton*, 276 F.3d 777, 780-81 (6th Cir. 2002) (finding "eminently reasonable" district court's holding dismissing unexhausted claims in habeas petition and staying proceedings on the remaining claims pending exhaustion of state court remedies).

In this case, the dismissal of the petition, even without prejudice, may preclude future consideration of the petitioner's claims in this Court due to the expiration of the statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The Michigan Supreme Court denied the petitioner's application for leave to appeal on May 30, 2007. The petitioner's conviction became final ninety days later, on August 29, 2007, when the time during which the petitioner could have filed a petition for writ of certiorari in the United States Supreme Court expired. The one-year limitations period commenced the following day, August 30, 2007. *See Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (holding that the last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable

to habeas corpus petitions). The petitioner filed the pending habeas petition on August 25, 2008. Thus, if the Court does not toll the limitations period during the pendency of this petition, the limitations period has expired, and any subsequent habeas petition filed by the petitioner would be untimely.

The Supreme Court has instructed that stay and abeyance is "available only in limited circumstances," such as "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are not "plainly meritless," and the petitioner has not "engage[d] in abusive litigation tactics or intentional delay." *Rhines*, 544 U.S. at 277-78. The petitioner satisfies all of these requirements. The petitioner states that his claim was not presented as a federal constitutional claim in the state courts because his appellate attorney was ineffective. The alleged ineffectiveness of appellate counsel constitutes "good cause" to justify holding a habeas petition in abeyance during the petitioner's return to state court. Moreover, the petitioner's new claim is not plainly meritless, and the petitioner does not appear to be engaged in abusive litigation tactics or intentional delay.

III.

To avoid injustice, the Court will allow the petitioner to return to state court to exhaust his unexhausted claim and the Court will stay further proceedings in the current action, provided that the petitioner acts promptly. *See Palmer*, 276 F.3d at 781. The petitioner must proceed in the state court within **fifty-six** days of this order. Failure to do so will result in the dismissal of this case without prejudice.

Accordingly, it is **ORDERED** that the petitioner's motion for stay of habeas corpus proceeding [dkt #6] is **GRANTED**. The petitioner may file a motion for relief from judgment with

the state trial court **on or before November 19, 2008**. If the petitioner fails to file a motion for relief from judgment by that date, the Court will dismiss the petition for writ of habeas corpus without prejudice.

If the petitioner files a motion for relief from judgment in the trial court, he shall notify this Court that such papers have been filed. The case shall then be held in abeyance pending the petitioner's exhaustion of the unexhausted issues. The petitioner shall file an amended petition in this Court within **twenty-eight (28) days** after the conclusion of the state court proceedings. If the petitioner files an amended petition, the respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within **twenty-one (21) days** thereafter.

The Court warns the petitioner that the one-year statute of limitations will not be tolled unless his motion for relief from judgment is "properly filed," 28 U.S.C. § 2244(d)(2), and addresses "the pertinent judgment or claim[s]." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). An application for post-conviction relief is "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) if it is submitted in accordance with the state's procedural requirements. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These procedural requirements usually specify the form of the document, the time limits for delivery, the location for filing a post-conviction motion, and the filing fee. *Ibid*. If, and when, the petitioner returns to federal court with an amended petition, following exhaustion of state remedies, he shall use the same caption and case number as appears on this order.

It is further **ORDERED** that to avoid administrative difficulties the Clerk of Court **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: September 25, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 25, 2008.

s/Felicia M. Moses  
FELICIA M. MOSES