UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNARD KELLY,

          Petitioner,          Case Number 08-13777
v.                                          Honorable David M. Lawson

KENNETH T. McKEE,

          Respondent.
_____/

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

Michigan prisoner Bernard Kelly filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his convictions of first-degree murder, two counts of assault with intent to commit murder, and possession of a firearm in the commission of a felony (felony firearm). The Court filed an opinion and judgment denying the petition on March 31, 2016. Kelly filed a motion for reconsideration, asking the Court to grant him an evidentiary hearing, appoint counsel, and "vacate" his convictions. The motion was denied on April 28, 2016. Kelly now brings a motion under Federal Rule of Civil Procedure 60(b) seeking review of the Court's opinion denying his habeas corpus petition and granting him an evidentiary hearing.

Federal Rule of Civil Procedure 60(b) allows the Court to relieve a party from a final judgment or order for several reasons, including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; [and] (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b). Rule 60(b)(6) also permits the Court

to grant a motion for relief from judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Petitioner relies on subparagraphs (1) and (6).

A decision to grant or deny a Rule 60(b) motion "is a matter of discretion for the district court." *Bank of Montreal v. Olafsson*, 648 F.2d 1078, 1079 (6th Cir. 1981). Relief from a judgment or order under Federal Rule of Civil Procedure 60(b) is an "extraordinary remedy that is granted only in exceptional circumstances." *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000). Rule 60(b) "does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). In order to qualify for relief under Rule 60(b), "a party seeking relief from judgment must show the applicability of the rule." *Ibid*.

Kelly's main contention appears to be that the Court should have allowed an evidentiary hearing on his ineffective assistance of counsel claim. However, the Sixth Circuit has taken the stance that "the Supreme Court's decision in *Cullen v. Pinholster*, [563 U.S. 170] (2011), prohibits [federal courts] from considering new evidence in [a habeas] case." *Hodges v. Colson*, 727 F.3d 517, 541 (6th Cir. 2013). The *Pinholster* Court held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 563 U.S. at 181. The court of appeals observed that the Supreme Court viewed the statute's language as "backward-looking;" therefore, habeas review "requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time i.e., the record before the state court." *Hodges*, 727 F.3d at 541 (quoting *Pinholster*, 563 U.S. at 182). The court determined that evidentiary hearings under section

-2-

2254(e)(2) are available only in cases in which the deferential standard of review prescribed in section 2254(d)(1) does not apply.

The Court found Kelly's ineffective assistance of counsel claim to lack merit when it denied his original habeas petition. The petitioner has not identified any error of fact or law related to that determination. The Court subsequently denied a motion for reconsideration that, in part, asked the Court to grant him an evidentiary hearing on his ineffective assistance of counsel claim. Rule 60(b) does not allow the petitioner "a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks*, 250 F.3d at 385. Relief under Rule 60(b) is an "extraordinary remedy that is granted only in exceptional circumstances." *McAlpin,* 229 F.3d at 502-03. The Court does not find such circumstances in this case. Therefore, the Court will deny the petitioner's motion.

Accordingly, it is **ORDERED** that the petitioner's motion for relief from judgment [dkt. #50] is **DENIED**.

                                                 s/David M. Lawson
                                                 DAVID M. LAWSON
                                                 United States District Judge

Dated: March 24, 2017

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 24, 2017.

                         s/Susan Pinkowski
                         SUSAN PINKOWSKI